# EXHIBIT NO. 2

STATE OF INDIANA     )         IN THE MONROE CIRCUIT COURT
                     ) SS:
COUNTY OF MONROE    )         CAUSE NO. 53c01-1902-PL-000480

BIOCONVERGENCE LLC d/b/a    )
SINGOTA SOLUTIONS          )
                       )
         Plaintiff,      )
                       )
    v.                   )
                       )
JASPREET ATTARIWALA       )
                       )
         Defendant.    )
                       )

## [AGREED] ORDER FOR INSPECTION OF COMPUTERS AND ELECTRONIC INFORMATION STORAGE DEVICES

The Court has entered a Preliminary Injunction Order ("PI"):

- ordering Defendant Jaspreet Attariwala ("Defendant" or "Attariwala"), and anyone acting in concert or participation with her, within twenty-four (24) hours of issuance of this Order to turn over to Plaintiff BioConvergence LLC d/b/a Singota Solutions ("Plaintiff" or the "Company") (a) all documents, data, and other materials (including without limitation all copies or reproductions of such documents, data, or materials, tapes, floppy disks, backup copies, and other forms of electronic storage media) which constitute, contain or are derived from Confidential Information; (b) all other documents, notes, work product and other materials (including without limitation copies or reproductions of such documents, notes, work product or materials) connected with or arising out of Attariwala's employment with the Company; (c) any computer and computer software, pager, cell phone, personal digital assistant or other technological or communication device provided by the Company; (d) any security devices and information such as keys,

access cards, usernames and passwords related to the Company; and (e) any and all other
property of the Company; and

- ordering that within twenty-four (24) hours after the issuance of this order, Attariwala,
and anyone acting in concert or participation with her, shall make available for inspection
by Rebecca Green of The ESI Team any and all personal computers, hard drives, or other
electronic storage devices and media devices, including servers, email accounts, cloud
accounts, cell phones, smart phones, and tablets, used to store electronic information in
her possession, custody or control, including, but not limited to, all computers, devices,
accounts, and media identified by Ms. Green pursuant to her analysis of Ms. Attariwala's
electronic storage media. Ms. Green, acting as an officer of the court, shall conduct an
inspection of these devices, media, accounts, and computers in accordance with this
Order

In addition, Plaintiff BioConvergence LLC d/b/a Singota Solutions ("Plaintiff" or the
"Company") anticipates serving discovery seeking the production and inspection of certain
Accounts and Devices capable of storing certain electronically stored information ("ESI"). To
effectuate the Court's PI order and to facilitate ESI discovery, the Court orders the following
terms and conditions regarding the inspection of the ESI contained within the Accounts and
Devices produced by Defendant:

1.    "ESI Storage Locations" refers to the personal computer(s), hard drives, flash
drives, thumb drives, any and all other devices and media used to store electronic information,
and any and all storage locations, such as email, cloud storage locations, and any service where
electronic information can be stored, produced by the Defendant.

2.    Rebecca Green of ESI Team ("Green") is appointed to inspect the ESI Locations
pursuant to the terms of this Agreement. Green shall acknowledge her receipt and acceptance of
the terms contained in this Agreement by signing the acknowledgement attached hereto as
Exhibit A.

3.    The Defendant shall make available for inspection any and all Storage Locations, including all Accounts and Devices used to store electronic information in her possession, custody or control, including, but not limited to, all computers and devices which may contain ESI relevant in the matter or was connected to a personal computer or device which is known to contain ESI responsive in the matter.

4.    The Defendant will not access any Storage Location prior to turning them over to Green. Connecting to Accounts and Devices, even for the purposes of "checking it" may alter the metadata.

5.    Green has proposed, and will follow, the protocol set forth below:

## PROTOCOL

## IDENTIFICATION OF ORIGINAL EQUIPMENT AND STORAGE LOCATIONS

1. Electronically Stored Information (ESI) can be stored in multiple locations.
   a. Computers, laptops, USB devices, external hard drives, and tablets will contain data.
   b. A Smartphone or cell phone will contain data.
      i. ESI from the smartphone or cell phone may be stored on computers where the Smartphone or cell phone has been connected through a USB port, Bluetooth, or other wireless connections.
      ii. The Smartphone's ESI may be stored on associated Cloud accounts.
   c. Email related ESI may be synchronized to the server of an Email provider such as Google, Yahoo, Apple, or Microsoft, etc.
   d. Social media related ESI may be posted and stored on the server of the Social Media provider such as Facebook, Twitter, Instagram, etc.
   e. ESI from the Storage Locations can be transferred to any cloud storage location, such as DropBox, OneDrive, iCloud, Google Drive, etc.
   f. Messages may be automatically synchronized to other devices, such as tablets, laptops and computers through Account Linking functions.
2. All efforts will be made by the Defendant to identify the Storage Locations which may be storing ESI responsive to the matter.
3. Because ESI can be transferred inadvertently as well as intentionally, the Defendant will identify all ESI Storage Locations which may contain ESI responsive in the matter.
   a. Identify all computers the Defendant has used.
      i. This will include home and third-party computer systems.
      ii. It may be that an employer's systems will be identified.
      iii. If ESI responsive to the matter is contained in a personal email or cloud account and the account was accessed from her employer's computer systems, that employer's computer systems will be identified.
   b. Identify all USB Devices the Defendant has used to store ESI which may be responsive in the matter.
   c. Identify all computers to which Smartphones, cell phones, or tablets, have been connected via a USB port.

        i.  This may include computers not owned by the Defendant.

    d.  Identify all cloud accounts used by the Defendant.

    e.  Identify all email accounts used by the Defendant.

        i.  This may include email accounts provided by employers as they could be synchronizing to computers, Smartphones, tablets or cell phones.

    f.  Identify all social media accounts used by the Defendant.

    g.  Identify all cloud storage accounts used by the Defendant.

    h.  Identify all other electronic devices including, but not limited to, tablets, laptops, entertainment systems, gaming systems, printers, copiers, etc.

        i.  For example, Apple TV can remotely access and display content from folders found on Apple devices. Thus, that content, can be cached on the Apple TV device.

4.  Examination of the ESI stored on the Storage Locations identified in protocol may lead to the identification of other Storage Locations which may be storing potentially responsive ESI.

    a.  Upon that identification, those Storage Locations will be considered *identified* under this protocol and subject to the collection, examination and production phases of this protocol.

5.  A list of the Storage Locations, including but not limited to all Devices and Accounts, will be complied by the Defendant and will be provided to all counsel and to Green within 48 hours of the parties' agreement to this protocol.

## DEFENDANT TO ALLOW DEVICES AND ACCOUNTS TO BE EXAMINED BEFORE ACCESS

6.  The Defendant shall not access any Storage Location where ESI responsive in the matter may be contained until Green can complete her examination of that specific storage location.

7.  Green will determine the order of priority that Storage Locations will be examined based on information supplied by Defendant.

    a.  If no ESI responsive to the matter is located, Green will communicate to the Defendant and all counsel that, based on the search parameters provided to her, no ESI responsive in the matter was identified.

    b.  If ESI is identified, the Defendant shall not access the Storage Location until Green can remove the ESI from the Storage Location.

## COLLECTION AND PRESERVATION – CONTROL and ANALYSIS COPIES

*Collection of ESI from Storage Locations which are Devices*

8.  Devices identified as potentially storing the ESI will be turned over to Green to carry out the tasks set forth in this protocol.

9.  The portable electronic storage devices will be delivered to Green by overnight delivery. The personal computers produced for inspection subject to this protocol shall be made available for mirror imaging of the hard drive shall be delivered to Green by overnight delivery.

10. Industry standard tools, methodologies, and/or best practices will be used to collect the ESI from the devices in a sound manner preserving the ESI content and its metadata.
    a. The original hard drive, device, or media will be used as the source for mirror images as identified in the *Preservation* section below.
    b. Once the preservation copies are complete, the hard drive, device, or media will be sealed and placed in a documented chain-of-custody.
    c. The original portable electronic storage, device, or media will be stored in the ESI Team vault for a period of time as defined by an agreement between the parties.
    d. If Singota's Confidential Information, Protective Information, Trade Secrets or Property, as defined in the Temporary Restraining Order or Preliminary Injunction is found on any mirror image of a hard drive, device, or media the parties will meet and confer in good faith to develop a protocol for the permanent removal of Singota's Confidential Information, Protective Information, Trade Secrets, and/or Property. If agreement cannot be reached, either party may seek the intervention of the court.
    e. Mirror images of the Storage Media will be made at the ESI Team offices.
        i. The original Storage Media will serve as the control copy which will be placed in the ESI Team vault.
        ii. One copy will become the analysis copy which will be used for the processes contained in this protocol.

PROCESSING OF ANALYSIS COPY
11. The analysis copy will be processed with AccessData's Forensic Toolkit (FTK) or other appropriate forensic tools, depending upon the device and data types.
    a. This processing will organize everything on the Computers and Storage Media into a searchable database.
    b. This processing makes it possible to search the contents for keywords, file types, dates, etc.
    c. Processing will take approximately 24 to 48 hours depending upon the size of the Computers and Storage Media.

*Collection of ESI from Storage Locations which are Accounts*
12. Access to the accounts identified as potentially storing the ESI will be granted to Green to carry out the tasks set forth in this protocol.
    a. For any Account (Email, Cloud Storage, Web Storage, etc.) which has accessed or contains the ESI, the Defendant's use of the Account(s) should cease immediately.
    b. The provider of the account services will be identified (iCloud, Google, Dropbox, Yahoo, Microsoft, etc.) to Green.
    c. The username of the account will be provided to Green.
    d. The password of the account will be provided to Green.
    e. The username and password for each Account should be disclosed to Rebecca Green of ESI Team either via email (rgreen@theESIteam.com), voicemail (317-527-0002), or a combination of them both.

f. The accounts will be accessed to collect the ESI contained on the accounts using industry accepted tools, methodologies, and/or best practices.

*Preservation of Collected ESI*

13. One copy of the original device or account will serve as the control copy which will be placed in the ESI Team vault.
14. The second copy will become the analysis copy which will be used for the remaining processes contained in this protocol.
15. Mirror images of the server hard drives will be made at an agreed upon location.
16. Best practices will be used to copy all email and cloud storage locations identified as potentially containing the ESI.

EXAMINATION

17. The collected ESI will be examined using industry accepted tools, methodologies, and/or best practices.
    a. Search criteria will be applied to identify potentially responsive ESI.
18. If the examination identifies other Storage Locations, not yet disclosed by the Defendant and which may potentially contain the responsive ESI, those Storage Locations will be considered *identified* for the purposes of this protocol.
    a. Those newly *identified* devices will be produced and collected as set forth in this protocol and subject to the tasks set forth in this protocol.
    b. Those newly *identified* accounts will be produced and collected as set forth in this protocol and subject to the tasks set forth in this protocol.
19. Green will analyze the activity for the following possibilities:
    a. The presence of Singota information.
    b. The access of Singota information.
    c. The transfer of Singota data to another device or storage location, including a personal computer, or another portable device or media such as USB drive, CD, DVD, etc.
    d. Forwarding of Singota information to another party via email or some other electronic transfer means.
    e. Printing of Singota information which would make the information now portable via paper.
    f. The deletion of information
20. If Singota data is located, Green will make a recommendation for removing the ESI from the Defendant's devices or accounts.
    a. Any recommendations will consider the volume of the ESI, the replacement cost of the device, and the cost for separating the ESI from any of the Defendant's devices or accounts.
    b. All parties will agree to the recommendation before ESI removal tasks are begun by Green.
21. If deletion is detected, Green will provide a report to the parties regarding same.
22. If no Singota data is located, the computers and storage media will be returned to the Defendant.

## THE DEFENDANT'S DATA IDENTIFICATION & VERIFICATION

23. Green will provide a list of files identified as potentially responsive to both parties' counsel, including file name, harvest location, created, modified and accessed dates, as well as common metadata field.

24. Before Green communicates the contents of any files located on the Defendant's Storage Locations to opposing counsel, the Defendant and their counsel will be given three (3) days to review those files from the Storage Locations for the Defendant's personal information.

25. If the Defendant or their counsel in good faith identifies personal information among the files Green wishes to communicate to Plaintiff's counsel, the Defendant's counsel will direct Green to not produce those files and instead produce a log of those files identifying:
    a. Name, path and any other metadata available to Green by her forensic tools as long as the metadata does not reveal the contents of the file.
    b. The reason the file is deemed personal and confidential.
    c. *Provided, however,* that no information related to Singota will be deemed personal information of Defendant; and if the parties dispute whether the contents of files should be produced to Plaintiff's counsel, the parties may seek intervention of the Court.

26. Green will provide to Plaintiff's counsel the above described log along with any other file not deemed by the Defendant or their counsel as containing personal information.

## ELECTRONICALLY STORED INFORMATION (ESI) DESTRUCTION

27. At some future date when the agreement between these parties has been fulfilled, the following ESI will need to be destroyed by ESI Team.
    a. Original hard drive in the vault of the ESI Team.
    b. Control copy (if one was needed) in the vault of the ESI Team.
    c. Analysis copy in the vault of ESI Team.
    d. Defendant Data copy in the vault of the ESI Team.

It is so agreed.

Christopher C. Murray
Susan Jackson
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
111 Monument Circle, Suite 4600
Indianapolis, IN  46204
(317) 916-1300
(317) 916-9076 (fax)
*christopher.murray@ogletree.com*

Attorney for Plaintiff

Jody M. Butts
Attorney at Law
McNeely Stephenson
2150 Intelliplex Drive, Suite 100
Shelbyville, IN  46176
(317) 825-5186
Fax: (317) 825-5109
*Jody.m.butts@msth.com*

Attorney for Defendant

The Parties' AGREED ORDER FOR INSPECTION OF COMPUTERS AND ELECTRONIC INFORMATION STORAGE DEVICES is hereby APPROVED.

IT IS SO ORDERED.

DATED: 03/04/19

JUDGE
Monroe County Circuit Court

Distribution to:

Christopher C. Murray, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
111 Monument Circle, Suite 4600
Indianapolis, IN  46204
*christopher.murray@ogletree.com*

Jody M. Butts
McNeely Stephenson
2150 Intelliplex Drive, Suite 100
Shelbyville, IN  46176
*Jody.m.butts@msth.com*

EXHIBIT A

## AGREEMENT CONCERNING AGREED ORDER FOR INSPECTION OF COMPUTERS AND ELECTRONIC INFORMATION STORAGE DEVICES

The undersigned hereby acknowledges that she has read the AGREED ORDER FOR INSPECTION OF COMPUTERS AND ELECTRONIC INFORMATION STORAGE DEVICES ("Order") in BioConvergence LLC d/b/a Singota Solutions v. Jaspreet Attariwala (Monroe County Circuit Court) and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the Monroe County Circuit Court, for the purpose of enforcing its terms.

Dated: 3/4/2019

By: _Rebecca Green_
            Signature

_Rebecca Green_
Print Name

_1547 N. State St. #200_
Street Address

_Greenfield IN 46140_
City          State          Zip

37625438.2

-9-