# EXHIBIT NO. 4

# Ogletree
# Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*

111 Monument Circle, Suite 4600
Indianapolis, IN 46204
Telephone: 317.916.1300
Facsimile: 317.916.9076
www.ogletree.com

Christopher C. Murray
(317) 916-2533
christopher.murray@ogletree.com

**Via Certified Mail**

Brooks Amiot
Jackson Lewis P.C.
2800 Quarry Lake Dr., Suite 200
Baltimore, MD 21209

November 13, 2019

7016 0340 0000 8891 2481

Emergent BioSolutions Inc.
c/o CSC-Lawyers Incorporating Service Company,
Registered Agent
7 St. Paul Street, Suite 820
Baltimore, MD 21202

RE:   Request for Records – BioConvergence LLC d/b/a Singota Solutions

Dear Sir or Madam:

Please be advised that this law firm is currently involved in the lawsuit captioned *BioConvergence LLC d/b/a Singota Solutions v. Jaspreet Attariwala*, Case No. 1:19-cv-01745-SEB-TAB, in the United States District Court, Southern District of Indiana, Indianapolis Division. We represent the plaintiff in this case and you have not been sued nor are you a party to the lawsuit. Based on documents and other information provided during the course of this lawsuit, we believe that you may have relevant information.

Enclosed please find a *Subpoena to Produce Documents* and a *Request for Production of Documents and Records to a Non-Party*. We would appreciate receiving **certified copies of any and all records** listed in the request. Also enclosed is a copy of the Court's Stipulated Protective Order and Order for Inspection of Computers and Electronic Information Storage Devices as referenced in the requests.

Lastly, for your convenience, please find enclosed a Declaration of Business Custodian for the purpose of certifying these records. If there is any fee associated with the photocopying of these records, please forward a statement of such costs to me and I will see that you are promptly paid for such costs.

Please note the Subpoena requests your response by **Wednesday, November 27, 2019.** Should you have any questions, please feel free to contact me.

Very truly yours,

OGLETREE DEAKINS LAW FIRM

CHRISTOPHER C. MURRAY

Enclosures

cc:   Justin A. Allen, Esq (*Via Electronic Mail; w/o encls.*)
      Paul L. Jefferson, Esq./Erik C. Johnson, Esq. (*Via U.S. Mail; w/encls.*)
      Jody M. Butts, Esq./Cyntha A. Bedrick, Esq. (*Via U.S. Mail; w/encls.*)

40716922.1

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Indiana

BIOCONVERGENCE LLC d/b/a SINGOTA SOLUTIONS,
_____ )
*Plaintiff* )
v. )   Civil Action No.   1:19-cv-01745-SEB-TAB
)
JASPREET ATTARIWALA, et al. )
*Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: | Brooks Amiot, Jackson Lewis P.C. | Emergent BioSolutions, Inc.
--- | --- | ---
 | 2800 Quarry Lake Drive, Suite 200 | c/o CSC Lawyers Incorporating Service Company, Registered Agent
 | Baltimore, MD 212019 | 7 St. Paul Street, Suite 820, Baltimore, MD 21202

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached "Request for Production of Documents and Records to a Non-Party"

Place: Ogletree Deakins Nash Smoak & Stewart, P.C. | Date and Time:
--- | ---
Attn:  Christopher C. Murray, 1909 K Street NW, Ste. 1000, Washington D.C., 20006 | 11/27/2019 5:00 pm

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Place: | Date and Time:
--- | ---
 | 

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/13/2019

*CLERK OF COURT*

OR

_____         _____
*Signature of Clerk or Deputy Clerk*                                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
BioConvergence LLC d/b/a Singota Solutions, Christopher C. Murray Esq.,      , who issues or requests this subpoena, are:
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 111 Monument Cir., Ste 4600, Indianapolis, IN 46204, 317.916.1300,
christopher.murray@ogletreedeakins.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises In a Civil Action (Page 2)

Civil Action No. 1:19-cv-01745-SEB-TAB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☑ I served the subpoena by delivering a copy to the named person as follows:

Certified Mail, Return Receipt Requested

on *(date)*     11/13/2019     ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00

I declare under penalty of perjury that this information is true.

Date: ___11/13/2019___

_____
*Server's signature*

Christopher C. Murray, Attorney
_____
*Printed name and title*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART P.C.
111 Monument Cir., Suite 4600
Indianapolis, IN 46204
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2019, a copy of the foregoing was served via first

class, U.S. mail on the following:

Paul L. Jefferson
Erik C. Johnson
McNeely Stephenson
143 W. Market Street, Suite 600-A
Indianapolis, IN 46204

Jody M. Butts
Cyntha A. Bedrick
McNeely Stephenson
2150 Intelliplex Dr., Suite 100
Shelbyville, IN 46176

OGLETREE, DEAKINS, NASH, SMOAK &
  STEWART, P.C.
111 Monument Circle, Suite 4600
Indianapolis, Indiana  46204
Telephone:  317.916.1300
Facsimile:  317.916.9076
*christopher.murray@ogletree.com*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BIOCONVERGENCE, LLC,                        )
                                            )
        Plaintiff,                          )
                                            )
    vs.                                     )   Civil Action No. 1:19-cv-01745-SEB-TAB
                                            )
JASPREET ATTARIWALA AND                     )
SIMRANJIT JOHNNY SINGH a/k/a                )
SIMRANJIT J. ATTARIWALA a/k/a               )
SIM J. SINGH,                               )
                                            )
        Defendants.                         )

<u>REQUEST FOR PRODUCTION OF DOCUMENTS
AND RECORDS TO A NON-PARTY</u>

TO: Brooks Amiot                    Emergent BioSolutions Inc.
    Jackson Lewis P.C.              c/o CSC-Lawyers Incorporating Service Company,
    2800 Quarry Lake Dr., Suite 200 Registered Agent
    Baltimore, MD 21209            7 St. Paul Street, Suite 820
                                   Baltimore, MD 21202

    BioConvergence LLC d/b/a Singota Solutions ("Singota" or "Plaintiff"), by counsel and

pursuant to Federal Rules of Civil Procedure 34 and 45, hereby requests production of a certified

and authenticated copy of the following documents, records, and tangible things for inspection

and copying, to OGLETREE, DEAKINS, NASH, SMOAK & STEWART P.C., c/o Christopher

C. Murray, 1909 K Street NW, Suite 1000, Washington, D.C. 20006, within fourteen (14) days

from the date of this request for production.

<u>DEFINITIONS</u>

    1.      "Emergent" means Emergent BioSolutions, Inc., and any of its parents,

subsidiaries, affiliates, employees, officers, agents, attorneys, or others acting on its behalf. This

includes any third parties under the direction of Emergent or working for the benefit of Emergent such as consultants, staffing agencies, and recruiters.

2.    "Attariwala" means Jaspreet Attariwala, the defendant in this lawsuit, and any of her agents, attorneys, or others acting in concert with her or on her behalf.

3.    "Singota" means BioConvergence, LLC d/b/a Singota Solutions, the plaintiff in this lawsuit, and any of its parents, subsidiaries, affiliates, employees, officers, agents, attorneys, or others acting on its behalf.

4.    "Client" means any actual or potential customer, buyer, purchaser, or consumer of any product or service offered by or potentially to be offered by Emergent or Singota, including but not limited to, pharmaceutical, biotechnology, animal health, and medical device contract development and manufacturing organization ("CDMO") services  and contract manufacturing organization ("CMO") services.

5.    "Documents" means all documents and electronically stored information ("ESI") stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form. The definition includes, but is not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, data and data compilations, records, correspondence, depictions, photographs, and tangible things, whether signed or unsigned, in draft or final form, an original or a copy, in the possession, custody, or control of Emergent. This definition includes the full scope of documents and things discoverable under Federal Rules of Civil Procedure 26, 34, and 45, and is used in its broadest sense to include items, whether printed, recorded, microfilmed, or electronically, optically, or magnetically stored, or reproduced by any process, or written or produced by hand. This definition includes, but is not limited to, ESI stored on or in tape, electronic facsimile, electronic

2

and computer storage media and devices (such as computer discs or hard drives), mobile devices, (such as smart phones, tablets or iPads), cloud storage, cloud accounts, email, and social media sites that is in Emergent's actual or constructive possession, custody, or control. This definition includes the original item, any copy thereof if the original is not available, and all copies that differ in any respect from the original, including copies containing any notation, underlining, marking or information not on the original.

6.     "Communication(s)" means, without limitation, any effort to convey information, whether oral or written, including but not limited to, conversations, correspondence, exchanges of written or recorded information, face-to-face meetings, electronic, facsimile, and telephone communications, text messages, instant messages, and messages conveyed through social media, including but not limited to, Facebook, Twitter, and LinkedIn.

7.     "Relating to" and "reflecting" mean directly or indirectly discussing, demonstrating, evidencing, or alluding to the general subject matter identified in the request.

### INSTRUCTIONS

1.     A protective order has been entered in this case.  A copy is enclosed with these requests. Pursuant to the protective order, Singota designates all Documents, including data, that reflect any of Singota's trade-secret or confidential information as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," including, but not limited to, any Documents reflecting the identity of Singota's clients, prospective clients, or the trade secrets or confidential information belonging to those clients and prospective clients. Pursuant to the protective order, Emergent shall clearly label all such Documents, including data, "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.     On March 4, 2019, the court entered an Agreed Order for Inspection of Computers and Electronic Information Storage Devices, which is enclosed. A copy is enclosed.

Singota proposes that Emergent agree to follow this same protocol for the inspection of computers and devices as requested below.

3.      Please produce all electronic data and Documents in native format and include all associated metadata and embedded data.

**REQUESTS**

**REQUEST NO. 1:**   All Documents, including but not limited to emails, LinkedIn messages, and other electronic messages, received by Emergent from Attariwala prior to February 11, 2019, including, but not limited to, those received by Patrick DePalma.

**RESPONSE:**


**REQUEST NO. 2:**   All Documents, including but not limited to emails, LinkedIn messages, and other electronic messages, sent by Emergent to Attariwala prior to February 11, 2019, including, but not limited to, those sent by Patrick DePalma.

**RESPONSE:**


**REQUEST NO. 3:**   All Documents relating to Attariwala's seeking employment with and application for employment with Emergent, including, but not limited to, emails, LinkedIn messages, text messages, applications, resumes, correspondence, interview agendas and notes, and meeting notes.

**RESPONSE:**


**REQUEST NO. 4:**   All Documents relating to Attariwala's hiring by Emergent, including, but not limited to, offers of employment, documents reflecting negotiations over employment terms, and Attariwala's acceptance of offer.

4

**RESPONSE:**

**REQUEST NO. 5:**   All Documents, including emails, provided by Attariwala to Emergent prior to February 11, 2019, identifying any Client or potential Client, including, but not limited to, all Documents provided in response to Patrick DePalma's request to Attariwala on February 6, 2019, for a Singota client list.

**RESPONSE:**

**REQUEST NO. 6:**   All Documents, including emails, provided by Attariwala to Emergent after February 11, 2019, identifying any Client or potential Client.

**RESPONSE:**

**REQUEST NO. 7:**   All Documents reflecting any information provided by Attariwala to Emergent at any time identifying any Client or potential Client, including but not limited to entries into any customer/client relationship management database or similar system for tracking prospective Clients, entries into any contacts lists, and data loaded onto any computer, smart phone, or other device used by Attariwala.

**RESPONSE:**

**REQUEST NO. 8:**   The job title and description for the position sent to Attariwala by DePalma in October 2018.

**RESPONSE:**

**REQUEST NO. 9:**   All job descriptions for position(s) held by Attariwala at Emergent.

**RESPONSE:**


**REQUEST NO. 10:** Documents sufficient to show all services and products of Emergent which Attariwala has had any involvement directly or indirectly in offering to Clients and prospective Clients, including during any time when she has been "onboarding," in training, or shadowing others.

**RESPONSE:**


**REQUEST NO. 11:** Documents sufficient to show the terms and conditions of Attariwala's employment by Emergent, including but not limited to, employment agreements and any Documents describing Attariwala's compensation, including documents describing the conditions for any bonuses and commissions for which she may be eligible.

**RESPONSE:**


**REQUEST NO. 12:** Produce for inspection all computers used by Attariwala while she has been employed by Emergent.

**RESPONSE:**


**REQUEST NO. 13:** Produce for inspection all electronic storage devices used by Attariwala while she has been employed by Emergent.

**RESPONSE:**

6

**REQUEST NO. 14:** All emails and electronic messages sent by Attariwala from any non-Emergent account to Emergent or any employee of Emergent, including but not limited to, emails and messages from Attariwala's Singota email account, Gmail account, Hotmail account, and LinkedIn Account.

**RESPONSE:**

**REQUEST NO. 15:** Produce for inspection all electronic storage devices provided by Attariwala to Emergent.

**RESPONSE:**

**REQUEST NO. 16:** Produce for inspection all devices used by Attariwala during the course of her employment with Emergent to access any email account or cloud account, including, but not limited to, Gmail, Hotmail, OneDrive, DropBox, Googledocs, and Box.

**RESPONSE:**

**REQUEST NO. 17:** Documents sufficient to show the geographic territory or territories to which Attariwala has been assigned or in which she has performed any work, including during any time when she is "onboarding," in training, or shadowing others.

**RESPONSE:**

**REQUEST NO. 18:** Documents sufficient to show all Emergent employees whom Attariwala has "shadowed" and with whom she has trained.

**RESPONSE:**

7

**REQUEST NO. 19:** Documents sufficient to show the identity of Attariwala's supervisor(s) throughout her employment by Emergent.

**RESPONSE:**

**REQUEST NO. 20:** Documents sufficient to show the identity of Attariwala's peers in Emergent's business development function throughout her employment by Emergent.

**RESPONSE:**

**REQUEST NO. 21:** All Documents reflecting any communications between Attariwala and Patrick DePalma prior to February 11, 2019.

**RESPONSE:**

**REQUEST NO. 22:** All Documents reflecting communications between Attariwala and Patrick DePalma at any time describing Attariwala's actual or anticipated duties on behalf of Emergent.

**RESPONSE:**

**REQUEST NO. 23:** Documents sufficient to show all meetings at which any Client or prospective Client was present and in which Attariwala participated in any capacity, including as part of her "onboarding," training, or shadowing of other Emergent employees, including but not limited to calendar entries, meeting invites, emails, notes, agendas, and reports.

**RESPONSE:**

**REQUEST NO. 24:** All Documents reflecting Attariwala's declining to participate in any meeting with a Client or prospective Client as a result of her Employment Agreement with Singota.

**RESPONSE:**


**REQUEST NO. 25:** All Documents reflecting Attariwala's declining to participate in any communication, including, but not limited to, internal meeting, discussion, email exchange, or other written exchange, that related to a Client or prospective Client as a result of her Employment Agreement with Singota.

**RESPONSE:**


**REQUEST NO. 26:** Documents sufficient to show all conference calls and online meetings (for example, by Skype) with any Client or prospective Client in which Attariwala participated in any capacity, including as part of her "onboarding," training, or shadowing of other Emergent employees, including but not limited to calendar entries, meeting invites, emails, notes, agendas, and reports.

**RESPONSE:**


**REQUEST NO. 27:** All Documents reflecting Attariwala's declining to participate in any telephone call and online meeting (for example, by Skype) with a Client or prospective Client as a result of her Employment Agreement with Singota.

**RESPONSE:**

**REQUEST NO. 28:** All Documents reflecting Attariwala's declining to participate in any other interaction with a Client or prospective Client as a result of her Employment Agreement with Singota.

**RESPONSE:**


**REQUEST NO. 29:** Documents sufficient to show all training, "onboarding," and shadowing of others in which Attariwala has engaged during her employment with Emergent.

**RESPONSE:**


**REQUEST NO. 30:** Documents sufficient to show the duration during which Attariwala has engaged in "onboarding," training, and shadowing of others while employed by Emergent.

**RESPONSE:**


**REQUEST NO. 31:** Documents sufficient to show all duties performed by Attariwala during her employment by Emergent between the date of her hire and the present.

**RESPONSE:**


**REQUEST NO. 32:** All agreements between Emergent and Attariwala.

**RESPONSE:**

**REQUEST NO. 33:** All Documents, including emails, that Attariwala drafted identifying any prospective Client for Emergent's services or products.

**RESPONSE:**


**REQUEST NO. 34:** All Documents, including emails, that reflect any information provided by Attariwala to Emergent with respect to any Client or prospective Client for Emergent's services and products.

**RESPONSE:**


**REQUEST NO. 35:** All Documents relating to any of the Singota Clients and prospective Clients identified by Attariwala in her email dated February 6, 2019, to Patrick DePalma, including but not limited to Documents reflecting any interactions between Emergent and such Clients and prospective Clients.

**RESPONSE:**


**REQUEST NO. 36:** All Documents reflecting any business development opportunities identified in whole or in part by Attariwala.

**RESPONSE:**


**REQUEST NO. 37:** All Documents relating to any investigation Emergent conducted as a result of Emergent's receipt of Singota's counsel's January 18, 2019, correspondence

11

addressed to Atul Saran, including, but not limited to, notes of discussions with Attariwala and communications with Attariwala relating to the investigation.

**RESPONSE:**

**REQUEST NO. 38:** All Documents relating to Attariwala's allegation that Singota tortiously interfered with any contract between Emergent and Attariwala.

**RESPONSE:**

**REQUEST NO. 39:** All Documents reflecting any efforts by Emergent to protect Singota's trade secrets and confidential and proprietary information.

**RESPONSE:**

**REQUEST NO. 40:** All Documents reflecting any effort by Emergent to verify Attariwala's compliance with its February 11, 2019, agreement with Attariwala.

**RESPONSE:**

**REQUEST NO. 41:** All Documents Emergent has received from the following email accounts:

       i.          Jessie.attariwala@singota.com

      ii.         Jsaini1@gmail.com

    iii.         Jsaini1@hotmail.com

    iv.         simandjessie@gmail.com

     v.         simjsingh@gmail.com

vi.      simjsingh@outlook.com

vii.     sim@sikhcoalition.org

viii.    sattariwala@gmail.com

ix.      simesq@icloud.com

x.       Sjs297@georgetown.edu

xi.      lawgiq@gmail.com

xii.     S0llemnis@hotmail.com

xiii.    S0llemnis@icloud.com

xiv.     S0llemnis@me.com

xv.      contact@simjsingh.com

xvi.     info@attariwala.com

xvii.    info@honeyji.com

xviii.   honeyjiscorp@gmail.com

xix.     jattariwala6@gmail.com

**RESPONSE:**


**REQUEST NO. 42:**  All Documents received from Attariwala or reflecting information received from Attariwala relating to Signota's regulatory, quality, business, technical and operational processes, procedures, pricing and costing related to the SA25 Vanrx Aseptic Filling Process.

**RESPONSE:**


**REQUEST NO. 43:**  All Documents received from Attariwala or reflecting information received from Attariwala relating to Signota's regulatory, quality, business, technical and

13

operational processes, procedures, pricing and costing other than related to the SA25 Vanrx Aseptic Filling Process.

**RESPONSE:**

**REQUEST NO. 44:** All Documents reflecting any communication or representation made by Attariwala to Emergent about the duties she performed for Singota.

**RESPONSE:**

**REQUEST NO. 45:** All Documents, including data, transferred or uploaded to Emergent's electronic storage devices or computer networks at any time by Attariwala or by others reflecting information provided by Attariwala.

**RESPONSE:**

**REQUEST NO. 46:** All Documents, including data, belonging to Singota provided to Emergent by Attariwala.

**RESPONSE:**

**REQUEST NO. 47:** All Documents, including data, derived from Singota Documents or data.

**RESPONSE:**

**REQUEST NO. 48:** All Documents, including data, relating to any Client or prospective Client identified to Emergent (including, but not limited to, to Patrick DePalma and to any of Attariwala's other colleagues at Emergent) by Attariwala at any time, including but not

14

limited to via email, reports, presentations, notes, uploads to any Client or customer management system, or orally.

**RESPONSE:**

**REQUEST NO. 49:** All Documents, including data, reflecting any actions taken by Emergent with respect to any Client or prospective Client identified to Emergent by Attariwala at any time, including but not limited to Documents sufficient to show any pitches made, projects won or lost, invoices issued, and payments received.

**RESPONSE:**

**REQUEST NO. 50:** Documents sufficient to show Attariwala's progress towards earning any bonuses, commissions, or other incentives over the course of her employment at Emergent.

**RESPONSE:**

**REQUEST NO. 51:** All Documents reflecting any work Attariwala has performed or assisted in performing with respect to Clients and prospective Clients, including developing proposals and plans and contributing to, or commenting on, proposals and plans drafted by others.

**RESPONSE:**

**REQUEST NO. 52:** All Documents reflecting projects, proposals, and bids that Attariwala has refrained from working on due to her employment agreement with Singota.

**RESPONSE:**

**REQUEST NO. 53:**  All Documents reflecting any information that Attariwala provided to Emergent with regard to service pricing, competitor information, business planning, lists of contact names, or companies to contact regarding CDMO services.

**RESPONSE:**

**REQUEST NO. 54:**  Documents sufficient to show all accounts Emergent has provided or given access to Attariwala that allow for the storage of data, including but not limited to email accounts, cloud accounts (both internal and external), customer/client relationship management systems, project management systems, client management systems, and project quoting systems.

**RESPONSE:**

**REQUEST NO. 55:**  Documents sufficient to show any indemnification agreements between Emergent and Attariwala.

**RESPONSE:**

**REQUEST NO. 56:**  Documents sufficient to show any agreement to pay attorneys' fees in this matter between Emergent and Attariwala.

**RESPONSE:**

**REQUEST NO. 57:**  All Documents reflecting Attariwala's alleged damages from any alleged breach by Emergent of any contract with Attariwala.

**RESPONSE:**

**REQUEST NO. 58:** All Documents containing lists provided by Attariwala to Emergent identifying Clients, prospective Clients, and business opportunities.

**RESPONSE:**

**REQUEST NO. 59:** Documents sufficient to identify all systems and databases used by Emergent to track prospective Clients, including but not limited to systems for client/customer relationship management, project management, client management, and project quoting.

**RESPONSE:**

**REQUEST NO. 60:** Documents, including data, sufficient to identify all information added to the systems and databases identified in response to Request 56 by Attariwala directly or indirectly.

**RESPONSE:**

**REQUEST NO. 61:** Documents sufficient to show all Emergent computers, computer systems, electronic storage devices, and electronic accounts used by or accessed by Attariwala as a result of her employment or in the course of her employment by Emergent.

**RESPONSE:**

Respectfully submitted,

_Christopher C. Murray, Atty. No. 26221-49_
Susan H. Jackson, Atty. No. 0090924 (OH)
Justin A. Allen, Atty. No. 31204-49
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
111 Monument Circle, Suite 4600
Indianapolis, Indiana 46204
Telephone: 317.916.1300
Facsimile: 317.916.9076
_christopher.murray@ogletree.com_
_susan.jackson@ogletree.com_
_justin.allen@ogletree.com_

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2019, a copy of the foregoing was served via first

class, U.S. mail on the following:

Paul L. Jefferson
Erik C. Johnson
McNeely Stephenson
143 W. Market Street, Suite 600-A
Indianapolis, IN 46204

Jody M. Butts
Cyntha A. Bedrick
McNeely Stephenson
2150 Intelliplex Dr., Suite 100
Shelbyville, IN 46176

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
111 Monument Circle, Suite 4600
Indianapolis, Indiana 46204
Telephone: 317.916.1300
Facsimile: 317.916.9076
_christopher.murray@ogletree.com_

40100981.3

18

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| BIOCONVERGENCE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Civil Action No. 1:19-cv-01745-SEB-TAB |
| | ) |
| JASPREET ATTARIWALA, | ) |
| | ) |
| Defendant. | ) |

### STIPULATED PROTECTIVE ORDER

**I.    INTRODUCTION**

The parties, by their undersigned counsel, pursuant to Fed. R. Civ. P. 26(c)(1), hereby

stipulate to the following provisions of this Court's Uniform Stipulated Protective Order subject

to a number of agreed changes to adapt the order to the needs of this case.

**II.    SCOPE OF PROTECTED INFORMATION**

In the course of discovery in this action and any other production of information, the parties

may be required to produce information that constitutes, in whole or in part, protected information

such as trade secrets, non-public research and development, commercial or financial information,

or other information that may cause harm to the producing party or a non-party.  The parties

anticipate production of the following categories of protected information: non-public business

records the disclosure of which could result in competitive or economic harm to the parties and to

non-parties.

**III.    DESIGNATION OF PROTECTED INFORMATION**

A.    <u>Scope:</u>  This Order governs the production and handling of any protected

information that is disclosed in this action.  Any party or non-party who produces protected

information in this action may designate it as "Confidential" or "Confidential – Attorneys' Eyes Only" consistent with the terms of this Order.  In addition, any party may designate information produced by any other party or non-party that reflects the designating parties' non-public information as "Confidential" or "Confidential – Attorneys' Eyes Only" by providing written notice of the designating party's claiming protected status for the information to all other parties. "Designating Party" therefore means the party or non-party who so designates the protected information, regardless of which party or non-party produces the information; "Receiving Party" means any party or non-party with access to information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by another party.[1]  Whenever possible, the Designating Party must designate only those portions of a document, deposition, transcript, or other material that contain the protected information and refrain from designating entire documents.  Regardless of any designations made hereunder, the Designating Party is not restricted from use or disclosure of its own protected information in any way.  In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order and S.D. Ind. L.R. 37-1.

B.     Application to Non-Parties:  Before a non-party is given copies of designated information as permitted hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; if it fails to do so, the parties to this action must resolve any such dispute before making disclosure of designated information as permitted hereunder to the

---

[1] It is possible that a party may produce information that is designated as confidential by another party, in which case the producing party will be deemed the "Receiving Party" for purposes of this Protective Order with respect to that information.

3

non-party.  If a non-party wishes to make designations hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A.

      C.     Timing and Provisional Protection:  Designations may be made at any time.  To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or disclosure, including on the record during the taking of any testimony.  Deposition testimony will be deemed provisionally protected for a period of 45 days after the transcript is released to the parties by the court reporter or 15 days after any errata to a deposition transcript is served, whichever is later, although the parties may agree at any time to different timelines of provisional protection of information as Confidential or Confidential-Attorneys' Eyes Only as part of one or more specific depositions.  To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

      D.     Manner of Designation:  Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies.  If made verbally, the Designating Party must promptly confirm in writing the designation.  Whenever possible, the Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each designated page of the document or electronic image. Information produced on disks, flash drives, thumb drives, or other electronic storage media may be designated by labeling the disks, flash drives, thumb drives, or other electronic storage media as "Confidential" or "Confidential – Attorneys' Eyes Only" prior to production.  In the event a Receiving Party generates any hard copy or printout from any such

disks, flash drives, thumb drives, or other electronic storage media, that party must mark each page "Confidential" or "Confidential – Attorneys' Eyes Only."  Moreover, if a Receiving Party produces information designated "Confidential" or "Confidential – Attorneys' Eyes Only" by any other party or non-party, the Receiving Party will mark the copies of such information in its possession as "Confidential" or "Confidential – Attorneys' Eyes Only."

## IV.   CHALLENGES TO DESIGNATED INFORMATION

In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party pursuant to S.D. Ind. L.R. 37-1. The Receiving Party must provide written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within 15 days. At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level. Unless and until the challenge is resolved by the parties or ruled upon by the Court, the designated information will remain protected under this Order.  The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

## V.   LIMITED ACCESS/USE OF PROTECTED INFORMATION

A.   <u>Restricted Use:</u>  Information that is produced or exchanged in the course of this action and designated under this Order may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party.  No designated information may be disclosed to any person except in accordance with the terms of this Order. All persons in possession of designated information agree to exercise reasonable care and best efforts with regard to the custody, use, or

storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information so that the Designating Party may seek an order quashing the subpoena and/or other remedy and reasonable assistance from such Receiving Party opposing such disclosure and/or seeking other limitations on disclosure. Such Receiving Party shall cooperate fully to apply the obligations hereunder to such disclosure. If, after providing such notice and assistance as required herein, the Receiving Party is subject to a legal order to disclose any "Confidential" or "Confidential – Attorneys' Eyes Only" information, such Receiving Party to whom such legal order applies shall disclose no more than that portion of the "Confidential" or "Confidential – Attorneys' Eyes Only" information which such legal order requires the Receiving Party to disclose and shall make reasonable efforts in good faith to obtain assurances from the applicable court or agency that such information will be afforded confidential treatment. Any use or disclosure of Confidential or Confidential – Attorneys' Eyes Only Information in violation of the terms of this Order will subject the disclosing person, party, or non-party to sanctions. Nothing in this Order limits the damages or injunctive relief that a Designating Party may seek for any use or disclosure of Confidential or Confidential – Attorneys' Eyes Only Information in violation of the terms of this Order.

      B.   <u>Access to "Confidential" Information:</u>  The parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

        1.  The Court, its personnel, and court reporters;

2. Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;

3. The parties, including their agents and employees who are assisting or have reason to know of this action, so long as each such agent or employee has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A;

4. Experts or consultants employed by the parties or their counsel for purposes of this action, so long as the expert or consultant is not a business competitor of the Designating Party and each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; and

5. Other witnesses or persons with the Designating Party's written consent or by court order.

C.   Access to "Confidential – Attorneys' Eyes Only" Designations:   The parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may only be accessed or reviewed by the following:

1.   The Court, its personnel, and court reporters;

2.   Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;

3.   To the individually named defendant(s) and to agents, officers or employees of Plaintiff BioConvergence LLC d/b/a Singota Solutions ("Plaintiff"), all of whom must sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A, but only to the extent necessary for each party's attorneys to advise and consult with the party for purposes of this

action, **provided that the disclosure is made in the presence of the attorney, and the individual is not permitted to retain any copies of the information in any form whatsoever designated as "Confidential – Attorney's Eyes Only"**;

     4.    Experts or consultants employed by the parties or their counsel for purposes of this action, so long as any the expert or consultant is not a business competitor of the Designating Party and each such expert or consultant signs the acknowledgment to be bound to these terms that is attached hereto as Exhibit A and only to the extent necessary to prepare for and/or render an opinion in this action; and

     5.    Other witnesses or persons to whom the Designating Party agrees in writing in advance of disclosure or by court order.

     D.    <u>Review of Witness Acknowledgments:</u> At any time and for any purpose, including to monitor compliance with the terms hereof, any Designating Party may demand to review all copies of <u>Exhibit A</u> in any Receiving Party's possession. The Receiving Party must, within 3 business days of the demand, provide all such copies to the Designating Party making the demand. Notwithstanding the foregoing, if the Receiving Party has retained an expert whose identity has not yet been disclosed to the Designating Party, the Receiving Party may generically identify how many acknowledgments that it has in its possession attributable to non-disclosed experts, whose acknowledgements must later be provided contemporaneously with any reports issued by one or more of said experts. If a Receiving Party is not required to disclose the identity of any consulting experts, it may not be compelled to produce any acknowledgments from those experts to the Designating Party. However, if the Designating Party provides to the Court evidence of breach of this Order, the Court will require an *in camera* production of all acknowledgments held by a Receiving Party in order to determine breach and enforce this Order.

E.   <u>Non-Waiver Effect of Designations:</u> Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

F.   <u>In-Court Use of Designated Information:</u> If information designated pursuant to this Order will or may be offered in evidence at a hearing or trial and cannot be presented in redacted form to remove designated information, then the offering party must give advance notice to the party or non-party that designated prior to offering the information so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine*.

Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

## VI.   CLAW-BACK REQUESTS

A.   <u>Failure to Make Designation:</u> If, at any time, a party or non-party discovers that it produced or disclosed protected information without designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification). Within 30 days of receiving the claw-back notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production is provided, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the

terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

B.    Inadvertent Production of Privileged Information: If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5).  Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection.  The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection.  The parties must also comply with S.D. Ind. L.R. 37-1 before seeking Court intervention to resolve any related dispute.

## VII.    DURATION/CONTINUED RESTRICTIONS

A.    Handling of Designated Information Upon Conclusion of Action: Upon conclusion of this action, including all appeals, the Designating Party(ies) is/are responsible for ensuring that any party or person to whom the party shared or disclosed designated information in this action returns or destroys all of its copies, regardless of the medium in which it was stored.  Within 60 days after the later of dismissal of this action or expiration of all deadlines for appeal, the Receiving Party(ies) must certify to each Designating Party that all designated information hereunder has been destroyed by all parties and witnesses for whom that party is responsible.  No witness or party may retain designated information that it received from any other party or non-party under this Order; only counsel of record are the authorized agents who may retain one copy for their

respective legal files, and who must also describe to the Designating Party the extra steps taken to seal its legal file containing paper and/or electronic copies of the designated information so that it is not accessed, used, or disclosed inconsistently with the obligations under this Order.  This provision does not apply to the Court or Court staff.

      B.   <u>Continued Restrictions Under this Order</u>:  The restrictions on disclosure and use of confidential information and penalties for any unauthorized disclosure or use survive the conclusion of this action.

## VIII.  REQUESTS TO SEAL

      A.   <u>Filing Documents Under Seal</u>: The parties shall comply with Local Rule 5-11 when filing material designated as protected information pursuant to this order. Over-redaction of documents sought to be maintained under seal may result in the denial of a motion to seal.

      B.   <u>Challenging "Confidential" Designations</u>: Prior to the filing of any motion seeking to challenge the designation of information as "Confidential" or "Confidential – Attorneys' Eyes Only" as set forth in Section IV above, the parties will request a telephonic conference with the Magistrate Judge to discuss the issue, following which the contesting party may move for an order removing or altering the "Confidential" or "Confidential – Attorneys' Eyes Only" designation with regard to such document(s).

<u>s/ Christopher C. Murray</u>
Christopher C. Murray, Atty. No. 26221-49
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
111 Monument Circle, Suite 4600
Indianapolis,           Indiana
46204

<u>christopher.murray@ogletree.com</u>
Telephone:
317.916.1300

<u>s/Paul L. Jefferson</u> (by consent)
Paul L. Jefferson, Atty. No. 23939-49
MCNEELY STEPHENSON
143 W. Market Street, Suite 600-A
Indianapolis, IN 46204
<u>Paul.l.jefferson@msth.com</u>
Telephone: 317.825.5302
Facsimile: 317.825.5109
Attorneys for Defendant

Facsimile:  317.916.9076
Attorneys for Plaintiff


PROTECTIVE ORDER APPROVED AND SO ORDERED.

     Date: 6/7/2019

                                        Tim A. Baker
                                        United States Magistrate Judge
                                        Southern District of Indiana


Distribution to all counsel of record via ECF.

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BIOCONVERGENCE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:19-cv-01745-SEB-TAB |
| | ) | |
| JASPREET ATTARIWALA, | ) | |
| | ) | |
| Defendant. | ) | |

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned acknowledges having been provided with and having read the "Uniform Stipulation Protective Order" in this matter ("Protective Order"). The undersigned further agrees he/she (i) is bound under the Protective Order, (ii) will comply with all of its provisions, and (iii) is subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of its terms.

Dated: _____       _____
                                                    WITNESS

38749737.1

13

STATE OF INDIANA      )
                            ) SS:
COUNTY OF MONROE      )

IN THE MONROE CIRCUIT COURT

CAUSE NO. 53C01-1902-PL-000480

BIOCONVERGENCE LLC d/b/a      )
SINGOTA SOLUTIONS             )
                                 )
          Plaintiff,           )
                                 )
     v.                                )
                                 )
JASPREET ATTARIWALA        )
                                 )
          Defendant.        )
                                 )

## [AGREED] ORDER FOR INSPECTION OF COMPUTERS
## AND ELECTRONIC INFORMATION STORAGE DEVICES

The Court has entered a Preliminary Injunction Order ("PI"):

- ordering Defendant Jaspreet Attariwala ("Defendant" or "Attariwala"), and anyone acting in concert or participation with her, within twenty-four (24) hours of issuance of this Order to turn over to Plaintiff BioConvergence LLC d/b/a Singota Solutions ("Plaintiff" or the "Company") (a) all documents, data, and other materials (including without limitation all copies or reproductions of such documents, data, or materials, tapes, floppy disks, backup copies, and other forms of electronic storage media) which constitute, contain or are derived from Confidential Information; (b) all other documents, notes, work product and other materials (including without limitation copies or reproductions of such documents, notes, work product or materials) connected with or arising out of Attariwala's employment with the Company; (c) any computer and computer software, pager, cell phone, personal digital assistant or other technological or communication device provided by the Company; (d) any security devices and information such as keys,

access cards, usernames and passwords related to the Company; and (e) any and all other property of the Company; and

- ordering that within twenty-four (24) hours after the issuance of this order, Attariwala, and anyone acting in concert or participation with her, shall make available for inspection by Rebecca Green of The ESI Team any and all personal computers, hard drives, or other electronic storage devices and media devices, including servers, email accounts, cloud accounts, cell phones, smart phones, and tablets, used to store electronic information in her possession, custody or control, including, but not limited to, all computers, devices, accounts, and media identified by Ms. Green pursuant to her analysis of Ms. Attariwala's electronic storage media. Ms. Green, acting as an officer of the court, shall conduct an inspection of these devices, media, accounts, and computers in accordance with this Order

In addition, Plaintiff BioConvergence LLC d/b/a Singota Solutions ("Plaintiff" or the "Company") anticipates serving discovery seeking the production and inspection of certain Accounts and Devices capable of storing certain electronically stored information ("ESI"). To effectuate the Court's PI order and to facilitate ESI discovery, the Court orders the following terms and conditions regarding the inspection of the ESI contained within the Accounts and Devices produced by Defendant:

1. "ESI Storage Locations" refers to the personal computer(s), hard drives, flash drives, thumb drives, any and all other devices and media used to store electronic information, and any and all storage locations, such as email, cloud storage locations, and any service where electronic information can be stored, produced by the Defendant.

2. Rebecca Green of ESI Team ("Green") is appointed to inspect the ESI Locations pursuant to the terms of this Agreement. Green shall acknowledge her receipt and acceptance of the terms contained in this Agreement by signing the acknowledgement attached hereto as Exhibit A.

3.     The Defendant shall make available for inspection any and all Storage Locations, including all Accounts and Devices used to store electronic information in her possession, custody or control, including, but not limited to, all computers and devices which may contain ESI relevant in the matter or was connected to a personal computer or device which is known to contain ESI responsive in the matter.

4.     The Defendant will not access any Storage Location prior to turning them over to Green.  Connecting to Accounts and Devices, even for the purposes of "checking it" may alter the metadata.

5.     Green has proposed, and will follow, the protocol set forth below:

<u>PROTOCOL</u>

IDENTIFICATION OF ORIGINAL EQUIPMENT AND STORAGE LOCATIONS

1. Electronically Stored Information (ESI) can be stored in multiple locations.
    a. Computers, laptops, USB devices, external hard drives, and tablets will contain data.
    b. A Smartphone or cell phone will contain data.
        i. ESI from the smartphone or cell phone may be stored on computers where the Smartphone or cell phone has been connected through a USB port, Bluetooth, or other wireless connections.
        ii. The Smartphone's ESI may be stored on associated Cloud accounts.
    c. Email related ESI may be synchronized to the server of an Email provider such as Google, Yahoo, Apple, or Microsoft, etc.
    d. Social media related ESI may be posted and stored on the server of the Social Media provider such as Facebook, Twitter, Instagram, etc.
    e. ESI from the Storage Locations can be transferred to any cloud storage location, such as DropBox, OneDrive, iCloud, Google Drive, etc.
    f. Messages may be automatically synchronized to other devices, such as tablets, laptops and computers through Account Linking functions.
2. All efforts will be made by the Defendant to identify the Storage Locations which may be storing ESI responsive in the matter.
3. Because ESI can be transferred inadvertently as well as intentionally, the Defendant will identify all ESI Storage Locations which may contain ESI responsive in the matter.
    a. Identify all computers the Defendant has used.
        i. This will include home and third-party computer systems.
        ii. It may be that an employer's systems will be identified.
        iii. If ESI responsive to the matter is contained in a personal email or cloud account and the account was accessed from her employer's computer systems, that employer's computer systems will be identified.
    b. Identify all USB Devices the Defendant has used to store ESI which may be responsive in the matter.
    c. Identify all computers to which Smartphones, cell phones, or tablets, have been connected via a USB port.

       i. This may include computers not owned by the Defendant.
- d. Identify all cloud accounts used by the Defendant.
- e. Identify all email accounts used by the Defendant.
  - i. This may include email accounts provided by employers as they could be synchronizing to computers, Smartphones, tablets or cell phones.
- f. Identify all social media accounts used by the Defendant.
- g. Identify all cloud storage accounts used by the Defendant.
- h. Identify all other electronic devices including, but not limited to, tablets, laptops, entertainment systems, gaming systems, printers, copiers, etc.
  - i. For example, Apple TV can remotely access and display content from folders found on Apple devices. Thus, that content, can be cached on the Apple TV device.

4. Examination of the ESI stored on the Storage Locations identified in protocol may lead to the identification of other Storage Locations which may be storing potentially responsive ESI.
   - a. Upon that identification, those Storage Locations will be considered *identified* under this protocol and subject to the collection, examination and production phases of this protocol.

5. A list of the Storage Locations, including but not limited to all Devices and Accounts, will be complied by the Defendant and will be provided to all counsel and to Green within 48 hours of the parties' agreement to this protocol.

## DEFENDANT TO ALLOW DEVICES AND ACCOUNTS TO BE EXAMINED BEFORE ACCESS

6. The Defendant shall not access any Storage Location where ESI responsive in the matter may be contained until Green can complete her examination of that specific storage location.

7. Green will determine the order of priority that Storage Locations will be examined based on information supplied by Defendant.
   - a. If no ESI responsive to the matter is located, Green will communicate to the Defendant and all counsel that, based on the search parameters provided to her, no ESI responsive in the matter was identified.
   - b. If ESI is identified, the Defendant shall not access the Storage Location until Green can remove the ESI from the Storage Location.

## COLLECTION AND PRESERVATION – CONTROL and ANALYSIS COPIES

*Collection of ESI from Storage Locations which are Devices*

8. Devices identified as potentially storing the ESI will be turned over to Green to carry out the tasks set forth in this protocol.

9. The portable electronic storage devices will be delivered to Green by overnight delivery. The personal computers produced for inspection subject to this protocol shall be made available for mirror imaging of the hard drive shall be delivered to Green by overnight delivery.

10. Industry standard tools, methodologies, and/or best practices will be used to collect the
ESI from the devices in a sound manner preserving the ESI content and its metadata.
    a. The original hard drive, device, or media will be used as the source for mirror
images as identified in the *Preservation* section below.
    b. Once the preservation copies are complete, the hard drive, device, or media will
be sealed and placed in a documented chain-of-custody.
    c. The original portable electronic storage, device, or media will be stored in the ESI
Team vault for a period of time as defined by an agreement between the parties.
    d. If Singota's Confidential Information, Protective Information, Trade Secrets or
Property, as defined in the Temporary Restraining Order or Preliminary
Injunction is found on any mirror image of a hard drive, device, or media the
parties will meet and confer in good faith to develop a protocol for the permanent
removal of Singota's Confidential Information, Protective Information, Trade
Secrets, and/or Property. If agreement cannot be reached, either party may seek
the intervention of the court.
    e. Mirror images of the Storage Media will be made at the ESI Team offices.
        i. The original Storage Media will serve as the control copy which will be
placed in the ESI Team vault.
        ii. One copy will become the analysis copy which will be used for the
processes contained in this protocol.

PROCESSING OF ANALYSIS COPY
11. The analysis copy will be processed with AccessData's Forensic Toolkit (FTK) or other
appropriate forensic tools, depending upon the device and data types.
    a. This processing will organize everything on the Computers and Storage Media
into a searchable database.
    b. This processing makes it possible to search the contents for keywords, file types,
dates, etc.
    c. Processing will take approximately 24 to 48 hours depending upon the size of the
Computers and Storage Media.

*Collection of ESI from Storage Locations which are Accounts*
12. Access to the accounts identified as potentially storing the ESI will be granted to Green
to carry out the tasks set forth in this protocol.
    a. For any Account (Email, Cloud Storage, Web Storage, etc.) which has accessed or
contains the ESI, the Defendant's use of the Account(s) should cease
immediately.
    b. The provider of the account services will be identified (iCloud, Google, Dropbox,
Yahoo, Microsoft, etc.) to Green.
    c. The username of the account will be provided to Green.
    d. The password of the account will be provided to Green.
    e. The username and password for each Account should be disclosed to Rebecca
Green of ESI Team either via email (rgreen@theESIteam.com), voicemail (317-
527-0002), or a combination of them both.

      f.  The accounts will be accessed to collect the ESI contained on the accounts using industry accepted tools, methodologies, and/or best practices.

*Preservation of Collected ESI*
13. One copy of the original device or account will serve as the control copy which will be placed in the ESI Team vault.
14. The second copy will become the analysis copy which will be used for the remaining processes contained in this protocol.
15. Mirror images of the server hard drives will be made at an agreed upon location.
16. Best practices will be used to copy all email and cloud storage locations identified as potentially containing the ESI.

EXAMINATION

17. The collected ESI will be examined using industry accepted tools, methodologies, and/or best practices.
      a.  Search criteria will be applied to identify potentially responsive ESI.
18. If the examination identifies other Storage Locations, not yet disclosed by the Defendant and which may potentially contain the responsive ESI, those Storage Locations will be considered *identified* for the purposes of this protocol.
      a.  Those newly *identified* devices will be produced and collected as set forth in this protocol and subject to the tasks set forth in this protocol.
      b.  Those newly *identified* accounts will be produced and collected as set forth in this protocol and subject to the tasks set forth in this protocol.
19. Green will analyze the activity for the following possibilities:
      a.  The presence of Singota information.
      b.  The access of Singota information.
      c.  The transfer of Singota data to another device or storage location, including a personal computer, or another portable device or media such as USB drive, CD, DVD, etc.
      d.  Forwarding of Singota information to another party via email or some other electronic transfer means.
      e.  Printing of Singota information which would make the information now portable via paper.
      f.  The deletion of information
20. If Singota data is located, Green will make a recommendation for removing the ESI from the Defendant's devices or accounts.
      a.  Any recommendations will consider the volume of the ESI, the replacement cost of the device, and the cost for separating the ESI from any of the Defendant's devices or accounts.
      b.  All parties will agree to the recommendation before ESI removal tasks are begun by Green.
21. If deletion is detected, Green will provide a report to the parties regarding same.
22. If no Singota data is located, the computers and storage media will be returned to the Defendant.

## THE DEFENDANT'S DATA IDENTIFICATION & VERIFICATION

23. Green will provide a list of files identified as potentially responsive to both parties' counsel, including file name, harvest location, created, modified and accessed dates, as well as common metadata field.

24. Before Green communicates the contents of any files located on the Defendant's Storage Locations to opposing counsel, the Defendant and their counsel will be given three (3) days to review those files from the Storage Locations for the Defendant's personal information.

25. If the Defendant or their counsel in good faith identifies personal information among the files Green wishes to communicate to Plaintiff's counsel, the Defendant's counsel will direct Green to not produce those files and instead produce a log of those files identifying:

    a. Name, path and any other metadata available to Green by her forensic tools as long as the metadata does not reveal the contents of the file.

    b. The reason the file is deemed personal and confidential.

    c. *Provided, however,* that no information related to Singota will be deemed personal information of Defendant; and if the parties dispute whether the contents of files should be produced to Plaintiff's counsel, the parties may seek intervention of the Court.

26. Green will provide to Plaintiff's counsel the above described log along with any other file not deemed by the Defendant or their counsel as containing personal information.

## ELECTRONICALLY STORED INFORMATION (ESI) DESTRUCTION

27. At some future date when the agreement between these parties has been fulfilled, the following ESI will need to be destroyed by ESI Team.

    a. Original hard drive in the vault of the ESI Team.

    b. Control copy (if one was needed) in the vault of the ESI Team.

    c. Analysis copy in the vault of ESI Team.

    d. Defendant Data copy in the vault of the ESI Team.

It is so agreed.

_____          _____
Christopher C. Murray                     Jody M. Butts
Susan Jackson                             Attorney at Law
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.   McNeely Stephenson
111 Monument Circle, Suite 4600           2150 Intelliplex Drive, Suite 100
Indianapolis, IN  46204                   Shelbyville, IN  46176
(317) 916-1300                            (317) 825-5186
(317) 916-9076 (fax)                      Fax: (317) 825-5109
*christopher.murray@ogletree.com*         *Jody.m.butts@msth.com*

Attorney for Plaintiff                    Attorney for Defendant

    The Parties' AGREED ORDER FOR INSPECTION OF COMPUTERS AND

ELECTRONIC INFORMATION STORAGE DEVICES is hereby APPROVED.

    IT IS SO ORDERED.

DATED: 03/04/19

                                          _____
                                          JUDGE
                                          Monroe County Circuit Court

Distribution to:

Christopher C. Murray, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
111 Monument Circle, Suite 4600
Indianapolis, IN  46204
*christopher.murray@ogletree.com*

Jody M. Butts
McNeely Stephenson
2150 Intelliplex Drive, Suite 100
Shelbyville, IN  46176
*Jody.m.butts@msth.com*

-8-

**EXHIBIT A**

**AGREEMENT CONCERNING AGREED ORDER FOR INSPECTION OF COMPUTERS AND ELECTRONIC INFORMATION STORAGE DEVICES**

The undersigned hereby acknowledges that she has read the AGREED ORDER FOR INSPECTION OF COMPUTERS AND ELECTRONIC INFORMATION STORAGE DEVICES ("Order") in BioConvergence LLC d/b/a Singota Solutions v. Jaspreet Attariwala (Monroe County Circuit Court) and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the Monroe County Circuit Court, for the purpose of enforcing its terms.

Dated: _3/4/2019_

By: _[signature]_
      Signature

_Rebecca Green_
Print Name

_1547 N. State St. #200_
Street Address

_Greenfield        IN    46140_
City              State        Zip

37625438.2

-9-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| BIOCONVERGENCE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 1:19-cv-01745-SEB-TAB |
| | ) |
| JASPREET ATTARIWALA AND | ) |
| SIMRANJIT JOHNNY SINGH a/k/a | ) |
| SIMRANJIT J. ATTARIWALA a/k/a | ) |
| SIM J. SINGH, | ) |
| | ) |
| Defendants. | ) |

### DECLARATION OF BUSINESS CUSTODIAN

I hereby certify that the attached _____ pages is a true and complete copy of the records and kept in the office of _____, and I am the legal custodian and keeper of said records on behalf of said business. I further certify that said records were made and kept in the regular course of said business, that it was the regular practice of said office for such records to be made, and that the records were made at the time of the events, transactions or occurrences to which they refer or within a reasonable time thereafter by a person with knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ____ day of _____, 2019.

_____
CUSTODIAN OF RECORDS

_____
PRINT CUSTODIAN NAME

40721225.1